IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **RICHARD HAYES,** | : CIVIL ACTION NO. 1:25-CV-1246 |
| Plaintiff | : |
| | : (Judge Neary) |
| v. | : |
| | : |
| **LEBANON COUNTY** | : |
| **CORRECTIONAL FACILITY,** | : |
| | : |
| Defendant | : |

### MEMORANDUM

This is a prisoner civil rights case filed pursuant to 42 U.S.C. § 1983. Plaintiff, Richard Hayes, alleges that he has been improperly denied a hearing aid. The court previously dismissed Hayes's complaint without prejudice and granted him leave to file an amended complaint. As explained below, that amended complaint will now be dismissed with prejudice.

### I.     Factual Background & Procedural History

Hayes has been detained in Lebanon County Correctional Facility ("LCCF") at all relevant times. He filed this case on July 8, 2025. (Doc. 1). After Hayes failed to comply with two administrative orders requiring him to pay the requisite filing fee or move for leave to proceed *in forma pauperis*, the court dismissed the case without prejudice on September 5, 2025. (Doc. 8). The court then received a motion for leave to proceed *in forma pauperis* three days later. (Doc. 9). The court accordingly reopened the case, but then dismissed Hayes's complaint without prejudice for failure to state a claim upon which relief may be granted. (Docs. 12-

13). The court granted Hayes leave to file an amended complaint, and he timely did so on October 21, 2025. (Doc. 14). The amended complaint is now before the court for a screening review under the standards governing complaints filed *in forma pauperis* and complaints filed by incarcerated individuals.

According to the amended complaint, a nurse named "Michelle" told Hayes on an unspecified date that he was "not allowed" to have a hearing aid. (Doc. 14 at 1). Hayes filed a grievance, and an unspecified staff member purportedly responded that he could not be given a hearing aid until he "went home to [his] medical provider." (Id.) The amended complaint additionally alleges that "misconducts were wrote [sic] due to [Hayes's] loss of hearing," that he has "been assaulted" by several officers, and that various prison administrators, judges, and probation officers are engaged in unspecified "frivolous and malicious behaviors." (Id. at 1-2).

## II.    Legal Standard

The Prison Litigation Reform Act authorizes a district court to review a complaint in a civil action in which a prisoner is proceeding *in forma pauperis* or seeks redress against a governmental employee or entity. See 28 U.S.C. §

1915(e)(2);[1] 28 U.S.C. § 1915A.[2] The court is required to identify cognizable claims and to *sua sponte* dismiss any claim that is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. See 28 U.S.C. § 1915(e)(2)(B); 28 U.S.C. § 1915A(b).

In screening claims under Sections 1915A(b) and 1915(e)(2)(B), the court applies the standard governing motions to dismiss filed pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. See, e.g., Coward v. City of Philadelphia, 546 F. Supp. 3d 331, 333 (E.D. Pa. 2021); Smith v. Delaware, 236 F. Supp.3d 882, 886

---

[1] 28 U.S.C. § 1915(e)(2) provides:

**(2)** Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that—
    **(A)** the allegation of poverty is untrue; or
    **(B)** the action or appeal—
        **(i)** is frivolous or malicious;
        **(ii)** fails to state a claim on which relief may be granted; or
        **(iii)** seeks monetary relief against a defendant who is immune from such relief.

[2] 28 U.S.C. § 1915A provides:

**(a) Screening.**--The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
**(b) Grounds for dismissal.**--On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint--
    **(1)** is frivolous, malicious, or fails to state a claim upon which relief may be granted; or
    **(2)** seeks monetary relief from a defendant who is immune from such relief.

(D. Del. 2017). This standard requires the court to "accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief." Phillips v. County of Allegheny, 515 F.3d 224, 233 (3d Cir. 2008) (quoting Pinker v. Roche Holdings, Ltd., 292 F.3d 361, 374 n.7 (3d Cir. 2002)).

Federal notice and pleading rules require the complaint to provide "the defendant fair notice of what the . . . claim is and the grounds upon which it rests." Phillips, 515 F.3d at 232 (alteration in original) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)). To test the sufficiency of the complaint, the court conducts a three-step inquiry. Santiago v. Warminster Township, 629 F.3d 121, 130-31 (3d Cir. 2010). In the first step, "the court must 'tak[e] note of the elements a plaintiff must plead to state a claim.'" Id. at 130 (alteration in original) (quoting Ashcroft v. Iqbal, 556 U.S. 662, 675 (2009)). Next, the factual and legal elements of a claim must be separated; well-pleaded facts are accepted as true, while mere legal conclusions may be disregarded. Id. at 131-32; Fowler v. UPMC Shadyside, 578 F.3d 203, 210-11 (3d Cir. 2009). Once the court isolates the well-pleaded factual allegations, it must determine whether they are sufficient to show a "plausible claim for relief." Iqbal, 556 U.S. at 679. A claim is facially plausible when the plaintiff pleads facts "that allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678.

Courts must liberally construe complaints brought by *pro se* litigants. Sause v. Bauer, 585 U.S. 957, 960 (2018). *Pro se* complaints, "however inartfully pleaded,

4

must be held to less stringent standards than formal pleadings drafted by lawyers." Erickson v. Pardus, 551 U.S. 89, 94 (2007).

### III.  Discussion

Hayes's federal constitutional claims are filed pursuant to 42 U.S.C. § 1983. Section 1983 creates a cause of action to redress constitutional wrongs committed by state officials. 42 U.S.C. § 1983. The statute is not a source of substantive rights, but serves as a mechanism for vindicating rights otherwise protected by federal law. See Gonzaga Univ. v. Doe, 536 U.S. 273, 284-85 (2002); Kneipp v. Tedder, 95 F.3d 1199, 1204 (3d Cir. 1996). To state a Section 1983 claim, plaintiffs must show a deprivation of a "right secured by the Constitution and the laws of the United States . . . by a person acting under color of state law." Kneipp, 95 F.3d at 1204 (quoting Mark v. Borough of Hatboro, 51 F.3d 1137, 1141 (3d Cir. 1995)).

The court liberally construes Hayes's complaint as asserting a claim for deliberate indifference in violation of the Fourteenth Amendment.[3] To state such a claim, Hayes must allege "(i) a serious medical need, and (ii) acts or omissions by prison officials that indicate deliberate indifference to that need." Natale, 318 F.3d at 582 (citing Rouse v. Plantier, 182 F.3d 192, 197 (3d Cir. 1999)).

---

[3] Because Hayes is housed in a county correctional facility, the court assumes that he is a pretrial detainee, which means that his claim for deliberate indifference is governed by the due process clause of the Fourteenth Amendment rather than the Eighth Amendment protection against cruel and unusual punishment. See Natale v. Camden Cnty. Corr. Facility, 318 F.3d 575, 581 (3d Cir. 2003). The Fourteenth Amendment "affords pretrial detainees protections 'at least as great as the Eighth Amendment protections available to a convicted prisoner.'" Id.

5

Hayes's amended complaint fails to state a deliberate indifference claim upon which relief may be granted. There are simply no facts from which deliberate indifference could be inferred. Other than the conclusory assertion that he was "not allowed" a hearing aid, which is not entitled to the assumption of truth, there are no factual allegations supporting the claim, such as when the hearing aid was denied, what justification staff members offered for the denial, or the extent to which Hayes needs a hearing aid to function in daily life. Any other claims Hayes is attempting to assert similarly fail because they are based on nothing more than conclusory assertions that misconducts were issued against him, that he was "assaulted," and that various people engaged in "frivolous and malicious behaviors." (Id. at 1-2). Accordingly, Hayes's amended complaint will be dismissed for failure to state a claim upon which relief may be granted.

Before dismissing a civil rights complaint for failure to state a claim, courts must permit a curative amendment unless the amendment would be inequitable or futile. Phillips, 515 F.3d at 245. The court will deny leave to amend as futile. Hayes has had multiple opportunities to state a claim and has failed to do so.

## IV.   Conclusion

This case is dismissed with prejudice. An appropriate order shall issue.

/S/ KELI M. NEARY
Keli M. Neary
United States District Judge
Middle District of Pennsylvania

Dated:   October 23, 2025

6